Cook v. Davis.

Decision of the court in the case of Swearingen v. Newman, (see ante. page 457,) re-affirmed.

APPEAL in Chancery.

Statement of the case made, and the opinion of the court, delivered by TOMPKINS, Judge.

Cook filed his bill in the circuit court of St. Genevieve county against Davis. That court decreed for Cook, and both parties being dissatisfied with the decree, appealed to this court. Evidence was given in this cause, and the matters in issue were found for the complainant, and a decree in his favor was made in accordance. Both parties except to the rendition of the decree. No new trial was asked for.

*Ranney,* attorney for Cook:

The only questions for this court to dedtermine are,

1st. Whether the court erred in finding the facts in favor of the plaintiff alleged.

2d. Whether the court erred in the amount of money decreed to complainant. On the first point the bill substantially is sustained, and the answer disproved wholly by three witnesses, with other evidence uncontradicted by any testimony whatever; and so plainly is the complainant's case made out as to the facts, that the court could have come to no other conclusion. On the 2d point the court did not err against the defendant, but in his favor.

The certificates from the facts proven must have been disposed of by Davis in 1822, and the only evidence of the value of certificates in that year is G. W. Davis, who testifies that certificates in that year were worth five or six bits. Take the least amount and the

| | |
|---|---|
| Certificates sold for - - - - - - - - | $625 |
| From which, deduct the amount of - - - | 300 |
| | $325 |

To which sum remaining over and above the amount advanced, add interest from the admitted demand of complainant by Davis' letter, dated 2d Oct. 1833, from said 2d Oct. 1833, to the rendition of decree, 16th March, 1836, being two years and five months and a half, amounting in all to - - - - - - - - - - - - $47 44

Making in all - - - - - - - - - 369.69

But supposing the certificates to have been disposed of in 1833, the result will be nearly the same from the testimony on all sides; from which the court erred in not entering a decree for the sum of $369 69, instead of the sum of $150, for which the decree was entered. Yet this is an error to the prejudice of the complainant, and beneficial to the defendant. He, the defendant, cannot therefore complain, or take advantage of this error, in his favor. The situation of the complainant is different, there being an error to his prejudice. He, said complainant, may ask a reversal of the same, and for this court to render such decree on the bill, answer, exhibits, and evidence, as to equity, may seem just and reasonable. It is likewise contended that it is a principle in equity; that if Davis does not account for the warrants by him received from Cook, that he is answerable for the same in justice according to the nominal value thereof on the face of the warrants, which is likewise submitted to the consideration of the court.

*T. Davis*, for defendant:

It is insisted that the decree is erroneous, and ought to be reversed.

1st. Because the plaintiff's remedy (if he has any) is at law, and not in equity.

2d. That the demand is barred by length of time, and staleness.

3d. That the answer meets all the allegations in the bill, and denies all circumstances and facts, giving the plaintiff any right, or claim, against the defendant; and the answer is uncontradicted by any two witnesses, or by any one witness, and corroborating circumstances, or by any witness or circumstances whatever.

4th. That upon the bill, answer, and testimony, the decree ought to have been rendered for the defendant, and not for the complainant. For all which errors in law and in fact, the defendant prays the said decree to be annuled, reversed and set aside.

Opinion, delivered by Tompkins, Judge.

The case now before us is the same as that of Swearingen v. Newmans, administrator, delivered at the October term of this court, for the last year, in the third district, see p. 457, of 3d semi-annual part.

The judgment of the circuit court is affirmed.